UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOUSE ON THA TRACK, LLC
and BOOSIE BAD AZZ
PUBLISHING, LLC,

    Plaintiffs,

v.                                                         Case No.:  2:24-cv-195-SPC-KCD

CELCIUS NIGHTCLUB, LLC and
LOUIS NOTBOHM,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

In this copyright infringement case, Plaintiffs Mouse on Tha Track LLC and Boosie Bad Azz Publishing, LLC, seek a default judgment against Defendants Celsius Nightclub, LLC and Louis Notbohm. (Doc. 13.)[1] Clerk's defaults were entered against Defendants (Docs. 9, 12) because they did not answer despite having been served. Defendants also failed to respond to the pending motion, and the time to respond has passed.

Having reviewed Plaintiffs' motion and the complaint, the Court recommends entering default judgment for Plaintiffs and awarding them

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

$21,000 in statutory damages. The Court also recommends enjoining Defendants from any further infringement of the copyrights.[2]

## I. Background

The Court takes the facts below from the complaint (Doc. 1), which Defendants admitted by their default. This is a copyright infringement action involving the unauthorized public performance of Plaintiffs' copyrighted musical compositions. Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP") and are the owners of valid copyrights in the musical works involved in this action. (*See* Declaration of Doug Jones ("Jones Declaration") Doc. 13-1 ¶¶ 22-26; Doc. 1 ¶¶ 4, 21-23, 28 and Schedule A.) At all relevant times, Defendants owned and operated a nightclub known as the "Celsius", at 2213 Main Street, Fort Myers, Florida. As the owners and operators of the Nightclub, Defendants had the right and ability to supervise and control the establishment's operations and derived financial benefits from the activities therein.

---

[2] Courts routinely award statutory damages following defaults without a hearing in copyright infringement actions identical or analogous to this one, finding that the record is sufficient based on the complaint and declarations. The same result should follow here. *See, e.g.*, *EMI April Music, Inc. v. Ocala Hosp. Grp., LLC*, No. 5:16-cv-30-Oc-MMH-PRL, 2016 WL 11578745 at *3 (M.D. Fla. Aug. 30, 2016) (court is "not required to" hold an evidentiary hearing to determine appropriate damages where there is sufficient evidence in the record, and acknowledging "[a]ffidavits are sufficient to establish damages if they are not conclusory"); *Milk Money Music v. Oakland Park Ent. Corp.*, No. 09-CV-61416, 2009 WL 4800272, at *2 (S.D. Fla. Dec. 11, 2009) (entering judgment for statutory damages and injunctive relief following default without a hearing).

Defendants had entered into a license agreement with ASCAP effective December 15, 2016, but later defaulted by failing to pay fees owed. As a result, ASCAP terminated the prior license in July, 2019. Since terminating Defendants' prior license for the Nightclub, ASCAP representatives have made many attempts to contact Defendants to offer a new ASCAP license to no avail. Still, Defendants continued to perform copyrighted music at the Nightclub owned and/or controlled by ASCAP's members without a license. Three such unauthorized performances were identified by an independent investigator hired by ASCAP to visit the Nightclub on the evening of October 4-5, 2023. (*See* Declaration of Jeff Clark (the "Clark Declaration") Doc. 13-2 ¶¶ 4-10 and Ex. 1.) The unauthorized performances identified by Mr. Clark are the basis for Plaintiffs' underlying claims of copyright infringement here.

ASCAP has contacted Defendants many times about their obligation to obtain a license to continue performing copyrighted musical compositions owned and/or controlled by ASCAP's members. ASCAP has also repeatedly warned Defendants about the consequences of rejecting the license–all to no avail. Under these circumstances, there is no dispute that Defendants' infringements were knowing and intentional. There is also no dispute about whether Defendants violated Plaintiffs' copyrights. The songs in question were logged as performed at the Nightclub by an independent investigator, and

3

ASCAP, acting on behalf of its members, sued on those songs in Plaintiffs' name as representative examples of Defendants' infringing conduct.

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 823CV00081KKMAEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the clerk enters default. *Id.* By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v.*

*Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Discussion

#### A. Subject Matter Jurisdiction

Plaintiffs sue under the Copyright Act. (Doc. 1.) The Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1338.

#### B. Personal Jurisdiction

Essential to a valid claim is personal jurisdiction. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021). Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id*.

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010).

Amenability to jurisdiction is established here since Defendants are based in Florida and conduct business here. *See* Fla. Stat. § 48.193. Service is

also proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180.

Rule 4(h) governs service on a corporation. It provides that Plaintiffs could serve Celsius Nightclub LLC by delivering copies of the summons and complaint to its registered agent. Fed. R. Civ. P. 4(h)(1)(B). According to the Florida Division of Corporations, Celsius' registered agent is Douglas Spiegel, PA. *See* Florida Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited May 15, 2024). The return of service attests that copies of the summons and complaint were served on Brittany Elrod in the registered agent's Fort Myers office. (Doc. 7-1.) This establishes a prima facie case of proper service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011).

Rule 4(e) also provides that Plaintiffs could serve Louis Notbohm[3] by leaving copies of the summons and complaint at his dwelling with someone of

---

[3] Under the Servicemembers Civil Relief Act, for "any civil action . . . in which the defendant does not make an appearance," the court, "before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating

6

suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(B). The return of service attests that copies of the summons and complaint were served on Gregory Kendall, a co-resident at Notbohm's residence, who is over fifteen years old. *See* Fla. Stat. 48.031(1)(a). (Doc. 10-1.) Thus, service was proper.

## C. Liability

With service out of the way, the next question is whether "the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action." *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 217CV403FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018).

Section 501 of the Copyright Act states in relevant part:

> Anyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. §§ 106–122] or of the author as provided in [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be.

17 U.S.C. § 501(a). To prevail on a copyright infringement claim based on the unauthorized public performance of a copyrighted musical composition, a plaintiff must demonstrate:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under

---

that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). "The requirement for an affidavit . . . may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 3931(b)(4). Here, the process server declared, under penalty of perjury, that Notbohm is not in the military service. (Doc. 10-1.) A process server's affidavit in this regard has been found sufficient. *See, e.g.*, *Branch Banking & Tr. Co. v. Chalifoux Bus. Park, L.L.C.*, No. 6:15-cv-2005-Orl-31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10, 2016).

7

> Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive[d] permission from any of the plaintiffs or their representatives for such performance.

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257-58 (11th Cir. 2014).

Plaintiffs have pled all the elements of a copyright infringement claim. The record contains a schedule that sets forth specific information as to each of the three musical compositions at issue. (Doc. 13-1.) For each, the schedule lists the title, the owner(s) of the copyright, the writers, the copyright publication dates and registration numbers, and the date of known infringement. (*Id.*)

As to the first element of the copyright claim, Plaintiffs list the author and allege that all the subject compositions are original. (Doc. 1 at 5.) As to the second element, Plaintiffs allege that for each of the three musical compositions, the respective Plaintiffs met the requirements of the Copyright Act to "secure[] the exclusive rights and privileges in and to the copyright of each composition ... and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6." (*Id.*) With respect to the third element, Plaintiffs assert that the "Plaintiffs named in Column 2 are the owners of the copyrights in the original musical compositions listed in Column 3." (*Id.* at 2).

As to the fourth element, Plaintiffs allege that on October 5, 2023, and at other times before and after this date, Defendants presented public performances of the respective musical compositions listed in Column 3. (*Id.* at 9.) Finally, Plaintiffs assert that the public performances were unauthorized because Defendants lacked a license or other permission from Plaintiffs. (*Id.* at 6.) Since copyright infringement is a tort, individual defendants, such as Notbohm, may be held liable for copyright infringement under a theory of vicarious liability where they had both a financial interest in the infringement activity and the right to supervise such activities. *See EMI April Music, Inc.*, 2016 WL 11578745, at *2. Plaintiffs allege as much in the complaint. (Doc. 1 ¶¶ 10-11.)

Considering these allegations, the undersigned recommends that Plaintiffs have asserted valid claims for copyright infringement.

**D. Damages**

   **1. Statutory Damages**

Section 504 of the Copyright Act states in relevant part:

> [A]n infringer of copyright is liable for either—
>
> (1) the copyright owner's actual damages and any additional profits of the infringer ...; or
>
> (2) statutory damages ...
> ...
> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with

9

> respect to any one work, for which any one infringer is liable individually ... in a sum of not less than $750 or more than $30,000 as the court considers just....
>
> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

> Regarding statutory damages:
>
> A court has great discretion in awarding damages within the statutory limits. In determining the amount of statutory damages, a court considers (1) the expenses saved and profits reaped by [Defendant] in connection with the infringements; (2) the revenues lost by [Plaintiff] as a result of [Defendant's] conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent. Courts frequently award statutory damages that are three times the amount of license fees the defendants saved by not obeying the Copyright Act.

*Universal Music Corp. v. Latitude 360 Nevada, Inc.*, No. 3:15-cv-1052-J-34JRK, 2016 WL 3200087, at *4 (May 4, 2016). "[E]vidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness[.]" *Id.*

Here, Plaintiffs seek $21,000 in statutory damages under 17 U.S.C. § 504(c). (Doc. 13 at 10.) This amount, according to Plaintiffs, is about three times the cost of the license fees that Defendants avoided paying, and it also accounts for Plaintiffs' investigative expenses of $1,331. (*Id.*) In support of their request for these damages, Plaintiffs submitted the Declaration of R. Douglas

Jones, Manager of Business and Legal Affairs for ASCAP, who avers that ASCAP repeatedly tried to, and did, contact Defendants beginning in July 2019, but Defendants never took the necessary steps to obtain a new ASCAP license. (Doc. 13-1 at 3-4.) ASCAP also warned Defendants of the consequences of presenting unauthorized public performances. (*Id.*) Ultimately, ASCAP hired an independent investigator who confirmed that at least three of Plaintiffs' songs were performed at the Nightclub without authorization, representing the three subject instances of copyright infringement. (*Id.* at 4-5.)

The undersigned recommends that the requested $21,000 is a fair and appropriate award of statutory damages. As an initial matter, this award, which amounts to $7,000 for each of the three established infringements, is within the statutory limit of $30,000.00 per work. *See* 17 U.S.C. § 504(c); *see also New World Music Co. (LTD) v. Tampa Bay Downs, Inc.*, No. 8:07-cv-398-T-33TBM, 2009 WL 35184, at *12 (M.D. Fla. Jan. 6, 2009) (awarding $90,000 in statutory damages, which amounted to $15,000 for each of the six established infringements). Furthermore, Defendants appear to have willfully violated Plaintiffs' rights by continuing to publicly perform compositions owned by Plaintiffs, despite ASCAP's multiple warnings and offers. *See Stross v. Roberson*, No. 6:19-cv-388-Orl-37LRH, 2019 WL 7562382, at *6 (M.D. Fla. Oct. 3, 2019) ("[T]he undersigned finds that the Plaintiff has sufficiently demonstrated that the Defendant willfully infringed the copyright at issue

11

and, as a result, the Court may award more than $30,000.00 in statutory damages."). Considering Defendants' multiple willful violations, the undersigned recommends that a statutory damages award of $21,000 is fair and appropriate.

### 2. Injunctive Relief

Plaintiffs contend that a permanent injunction is appropriate here, where the infringer repeatedly refused to obtain a license and continues to violate copyright laws. (Doc. 13 at 6-8.) The undersigned agrees.

Section 502 of the Copyright Act states in relevant part:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

Courts in this district have regularly granted injunctive relief to prevent further infringing performances of copyrighted music, where, as here, the infringer has ignored prior warnings and continued the conduct. *See, e.g., EMI Apr. Music Inc. v. Ocala Hosp. Grp., LLC*, No. 5:16-CV-30-OC-34PRL, 2016 WL 11578746 (M.D. Fla. Dec. 19, 2016); *Broad. Music, Inc. v. PRB Prods., Inc.*, No. 6:13-cv-1917-ORL-31KRS, 2014 WL 3887509 (M.D. Fla. Aug. 7, 2014); *M.L.E. Music Sony/ATV Tunes, LLC. v. Julie Ann's, Inc.*, No. 8:06-CV-1902 T17EAJ, 2008 WL 2358979 (M.D. Fla. June 9, 2008). "Moreover, Courts have granted broad injunctions to enjoin unauthorized performances of any and all

12

copyrighted music in the ASCAP repertory in ASCAP-member cases, such as this one." *EMI April Music Inc.*, 2016 WL 11578746, at *5. Thus, the undersigned recommends that the Court grant Plaintiffs the requested injunction.

## IV. Conclusion

Accordingly, it is **RECOMMENDED**:

1. Plaintiffs' Motion for the Entry of Final Default Judgment (Doc. 13) be **GRANTED**.

2. The Clerk be directed to enter judgment in favor of Plaintiffs, Mouse on Tha Track LLC and Boosie Bad Azz Publishing, LLC, in the total amount of $21,000. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

3. The Clerk be further directed to enter judgment in favor of Plaintiffs and against Defendants:

> Defendants are hereby enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or conducted by Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the copyright owners whose compositions are being performed or by license from ASCAP.
>
> This Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

4. The Clerk be further directed to terminate any pending motions and close the file.

5. Direct Plaintiffs to file any request for attorney's fees and costs within 21 days.

**Entered** in Fort Myers, Florida on May 29, 2024.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.