UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOUSE ON THA TRACK, LLC
and BOOSIE BAD AZZ
PUBLISHING, LLC,

    Plaintiffs,

v.                                        Case No.:  2:24-cv-195-SPC-KCD

CELCIUS NIGHTCLUB, LLC and
LOUIS NOTBOHM,

    Defendants.
                                              /

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Entry of Final Default Judgment (Doc. 13) and United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 14). Judge Dudek recommends entering judgment in favor of Plaintiffs. No party objected, so the matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). In the absence of specific objections, there is no requirement that a district judge review the Report and Recommendation de novo. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't

object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After careful consideration and an independent review of the case, the Court finds no plain error. It accepts and adopts the Report and Recommendation in full.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 14) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Plaintiffs' Motion for Entry of Final Default Judgment (Doc. 13) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs in the amount of $21,000. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

4. The Clerk is further **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendants:

   Defendants are hereby enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or conducted by Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the copyright owners whose compositions are being performed or by license from ASCAP. This Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

5. The Clerk is **DIRECTED** to terminate any pending motions and close the file.

6. The Clerk shall direct Plaintiffs to file any request for attorney's fees and costs within 21 days.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3