UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOUSE ON THA TRACK, LLC
and BOOSIE BAD AZZ
PUBLISHING, LLC,

    Plaintiffs,

v.                                    Case No.:  2:24-cv-195-SPC-KCD

CELCIUS NIGHTCLUB, LLC and
LOUIS NOTBOHM,

    Defendants.
_____/

## REPORT & RECOMMENDATION

This is a copyright infringement action involving the unauthorized public performance of Plaintiffs' copyrighted music. (Doc. 1.)[1] Defendants Celcius Nightclub, LLC and Louis Notbohm failed to appear or defend themselves. Thus, the Court entered a default judgment against them. (Doc. 20.) The Court also held that Plaintiffs, as the prevailing parties, are entitled to "a reasonable attorney's fee" and "full costs" under the Copyright Act, 17 U.S.C. § 505." (Doc. 20 at 1.) Plaintiffs now seek their fees and costs. (Doc. 21.) After considering the affidavits and billing records presented, and for the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

reasons below, the Court recommends awarding Plaintiffs $1,914.13 in costs and $11,374.25 in attorney's fees.

Federal courts calculate a fee award under the Copyright Act using the "lodestar" method, which is found by multiplying the hours reasonably expended by a reasonable hourly rate. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301 (S.D. Fla. 2015). A reasonable hourly rate is the common rate in the area "for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). An applicant requesting attorney's fees has the burden of showing "that the requested rate is in line with the prevailing market." *Id.*

To arrive at the hours reasonably expended, "excessive, redundant or otherwise unnecessary" hours must be excluded. *Id.* at 1301. Applicants are required to exercise "billing judgment" when requesting attorney's fees, and any hours considered "unreasonable to bill" should be omitted. *Id.*

Finally, the court has wide discretion when arriving at an appropriate fee award. "Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Id.* at 1303. In such cases, the court may fix an award based on its own experience and independent judgment. *Id.*; *see also Cameron v. Standard Roofing Sols. LLC*, No. 5:23-CV-305-JSM-PRL, 2024 WL 3344971, at *1 (M.D. Fla. July 9, 2024) ("[T]he Court

is an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

Turning to the fee request here, two attorneys worked on the case—Frederick Page and Katharine Roth. Plaintiffs seek an hourly rate of $630 for Page and $427.50 for Roth. (Doc. 21 at 3.) The rate for Roth is consistent with the prevailing market for intellectual property work by a seasoned attorney in Fort Myers. *See, e.g.*, *Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-CV-512-FTM-38-MRM, 2019 WL 317646, at *2 (M.D. Fla. Jan. 7, 2019). As for Page, the amount sought is too high.

As mentioned, the fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market." *Norman*, 836 F.2d at 1299. To support their request for $630 per hour, Plaintiffs cite several cases where similar rates were "awarded within the last five years for attorneys in intellectual-property" disputes. (Doc. 21 at 3.) But none of the cases come from Fort Myers. *See SCP Distributors LLC v. USA Wildcat Inv. Grp., LLC*, No. 6:24-CV-00257-ACC-LHP, 2024 WL 3443421, at *3 (M.D. Fla. July 17, 2024) ("The relevant market is the place where the case is filed."). And Plaintiffs have failed to prove (or even argue) that out-of-town rates are warranted. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437

3

(11th Cir. 1999) ("If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims.").

Plaintiffs also offer a declaration from Page that his rate is "in line with the prevailing market . . . in the Middle District of Florida and Fort Myers area." (Doc. 21-1 at 3.) This evidence is likewise insufficient. "Generalized assertions and affidavits of the attorney performing the work are unsatisfactory evidence of reasonableness." *Campos v. Williams Rush & Assocs., LLC*, No. 8:24-CV-00493-WFJ-AEP, 2024 WL 3344973, at *1 (M.D. Fla. July 9, 2024).

With nothing of substance to support Page's rate, the Court relies on its own knowledge and experience to fill the gap. Considering the type and complexity of this case, the experience of counsel, the Fort Myers market, prior fee awards, and relying on the Court's own expertise while accounting for all other relevant matters, the undersigned finds an appropriate hourly rate is $500. This amount compensates Plaintiffs for the uniqueness of the type of case, but also considers that the matter itself was not overly complicated and the merits went uncontested. *See, e.g.*, *Ferrara Candy Co.*, 2019 WL 317646, at *2; *Melikhov v. Drab*, No. 2:19-CV-248-FTM-38-MRM, 2020 WL 7419531, at *3 (M.D. Fla. Mar. 25, 2020).

Plaintiffs' motion also seeks to recover time billed by paralegal Amanda Poole at $265.50 per hour. (Doc. 21 at 3). Like above, this hourly rate is supported by only general declarations of reasonableness, which will not suffice. *See, e.g.*, *Mraz v. I.C. Sys., Inc.*, No. 2:18-CV-254-FTM-38-NPM, 2021 WL 4086147, at *6 (M.D. Fla. Aug. 23, 2021) (noting that affidavits describing fees as reasonable do not offer any evidence about rates billed and paid in similar lawsuits and therefore provide no evidentiary support for an award). Based on the type of work completed by Poole, and the prevailing market, the undersigned recommends reducing her rate to $175. This aligns with what the Court has previously awarded for paralegal work in intellectual property disputes. *See, e.g.*, *Ferrara Candy Co.*, 2019 WL 317646, at *2.

Turning to the time reasonably expended, Plaintiffs' legal team collectively spent 30 hours on the case. Specifically, Page billed 8.2 hours; Roth billed 13.7 hours; and Poole billed 8.1 hours. (Doc. 21 at 4.)[2] This time included verifying allegations and finalizing the complaint, communicating with the client about court filings, and preparing papers leading to the default judgment. As best the Court can tell, counsel did not include "excessive, redundant, or otherwise unnecessary hours" in its billing. *Barnes*, 168 F.3d at

---

[2] In general, "[p]aralegal fees can be recovered only to the extent that the paralegal performs work traditionally done by an attorney." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009). Although not entirely clear from the billing records, it appears that at least the bulk of the work performed by Poole fits this description. (*See* Doc. 21-4.)

428. Plaintiffs' records also reflect that counsel made distinct contributions to the process and the time sought is reasonable. *See Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys and the may all be compensated for the distinct contribution of each lawyer."). With no objection, the undersigned recommends awarding the total hours sought.

Finally, as for costs, Plaintiffs seek the costs of the process server and the filing fee (Doc. 22), which are taxable under 28 U.S.C. § 1920. Plaintiffs also ask for $1,331.13 spent on an investigator. (Doc. 21 at 6.) Because the Copyright Act provides for the award of "full costs," and there is no objection, this expenditure should also be awarded. *See, e.g.*, *Innovative Sports Mgmt., Inc. v. Maldonado*, No. 19-CV-61935, 2020 WL 9460225, at *9 (S.D. Fla. June 26, 2020).

Plaintiffs do not seek an enhancement to the lodestar. *See Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("The court may . . . adjust the lodestar to reach a more appropriate attorney's fee[.]"). Thus, based on the above, Plaintiffs should be awarded $1,914.13 in costs and $11,374.25 in attorney's fees:

| Biller | Rate | Hours | Total |
| --- | --- | --- | --- |
| Frederick Page | $500.00 | 8.2 | $4,100.00 |

| Katharine Roth | $427.50 | 13.7 | $5,856.75 |
| Amanda Poole | $175.00 | 8.1 | $1,417.50 |

Accordingly, it is **RECOMMENDED**:

1. Plaintiffs' Motion Regarding Reasonableness of Attorney's Fees and Costs be **GRANTED**;

2. The Court award $11,374.25 in attorney's fees;

3. The Court award $1,914.13 in costs;

4. The existing judgment be modified to include the figures above; and

5. Plaintiffs' proposed bill of costs (Doc. 22) be stricken as moot since costs have been addressed.

**ENTERED** in Fort Myers, Florida on September 4, 2024.

Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.